**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orlando Santos Garcia,<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, NA,<br><br>Defendant. | No. CV10-2216-PHX-DGC<br><br>**ORDER** |

      Plaintiff filed a complaint on September 17, 2010 in the Superior Court for Maricopa County. Defendants Wells Fargo Home Mortgage and Wells Fargo Bank, NA ("Wells Fargo") removed the case to this Court on October 18, 2010. Doc. 1. On October 25, 2010, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 6), and on November 22, 2010, filed a motion for summary disposition of the motion to dismiss (Doc. 7). Plaintiff has filed no response to either motion, and the time for doing so has expired. *See* LRCiv 12.1(b), 56.1(d); Fed. R. Civ. P. 6(d). On February 25, 2011, this Court issued an order requiring Plaintiff to respond by March 11, 2011. Doc. 8. The order clearly indicated that failure to file a response will result in granting the motion to dismiss. *Id.* at 2:7-9, 2:17-18. The order also indicated that failure to prosecute may result in dismissal of this case. *Id.* at 2:9-12. On March 28, 2011, Wells Fargo filed a renewed motion for summary disposition of the motion to dismiss. Doc. 9.

      Plaintiff has not filed a response as required by this Court's February 25 order.

Pursuant to Local Rule 7.2(i), "such non-compliance may be deemed a consent to the . . . granting of the motion." The Court will grant Wells Fargo's motion to dismiss.

In addition, the Court will dismiss Plaintiff's complaint against Wells Fargo for failure to comply with the Court's order and for lack of prosecution. The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

Considering this five-factor test, the Court concludes that dismissal is an appropriate sanction in this case. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Wells Fargo will be subject to prejudice if a sanction of dismissal is not imposed. Wells Fargo is unable to move forward with its defense of this case when Plaintiff refuses to respond to its motions and the Court's order. Finally, the Court has considered less drastic sanctions, but none is apparent. Plaintiff has not responded to motions and has refused to comply with the Court's order. The Court specifically warned Plaintiff that dismissal could result from further inaction. The Court concludes that the appropriate resolution of this problem is to dismiss Plaintiff's case.

**IT IS ORDERED:**

1. Wells Fargo's motion to dismiss (Doc. 6) is **granted**.
2. Wells Fargo's motion for summary disposition (Doc. 7) is **granted**.
3. Wells Fargo's renewed motion for summary disposition (Doc. 9) is **granted**.
4. The Clerk shall terminate this case.

Dated this 8th day of April, 2011.

_____
David G. Campbell
United States District Judge